**FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

GREGORY BOS,

*Appellant*,

v.

BOARD OF TRUSTEES, in their
capacities as Trustees of the
Carpenters Health and Welfare Fund
of California; Carpenters Vacation-
Holiday Trust Fund for Northern
California; Carpenters Pension Trust
Fund for Northern California;
Carpenters Annuity Trust for
Northern California; Carpenters
Training Trust Fund for Northern
California; Northern California
Carpenters Regional Council,

*Appellee*.

No. 13-15604

D.C. No.
2:12-cv-02026-
MCE

ORDER

Filed March 24, 2016

Before: Diarmuid F. O'Scannlain and Sandra S. Ikuta,
Circuit Judges and Larry A. Burns,* District Judge.

---

 * The Honorable Larry A. Burns, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

## SUMMARY[**]

### Bankruptcy / Attorney's Fees

The panel denied a bankruptcy debtor's motion to recover attorney's fees after he prevailed on the merits on appeal in a nondischargeability proceeding.

In its opinion on appeal from the district court's affirmance of the bankruptcy court, the panel held that the debtor was not a fiduciary under the Employee Retirement Income Security Act, and thus the Bankruptcy Code's "fiduciary" exception to discharge could not be applied to him. Accordingly, his judgment debt for failure to make payments to employee pension funds could be discharged in bankruptcy.

Denying the debtor's motion for attorney's fees, the panel held that the debtor was not entitled to fees under the fee-shifting provision of California Civil Code § 1717, which makes reciprocal an otherwise unilateral contractual obligation to pay attorney's fees. Adopting the Bankruptcy Appellate Panel's construction of section 1717, the panel held that the dischargeability claim was not an action "on a contract," but rather was collateral to a contract.

The panel held that the debtor also was not eligible to recover fees under ERISA because the nondischargeability proceeding did not meet the test for "arising under" jurisdiction set forth in 29 U.S.C. § 1132(e).

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

We consider Gregory Bos's motion to recover attorney's fees under California Civil Code § 1717, and the fee-shifting provisions of the Employee Retirement Income Security Act of 1974.

I

The facts giving rise to the present request for attorney's fees are more fully set forth in our underlying opinion on the merits. *See Bos v. Bd. of Trs.*, 795 F.3d 1006 (9th Cir. 2015). We offer a brief summary here.

Bos was an employer who was bound by a handful of Trust Agreements to make payments to certain employee pension Funds, which were administered by the Board of Trustees. *Id.* at 1007. Bos struggled to meet his obligation, and in March 2009 he signed a Promissory Note pledging to make monthly contributions and personally guaranteeing payment to the Funds of $359,592.09. He mostly fell short. In August 2009 the Board brought a grievance against Bos, and an arbitrator ruled that he had violated such obligations, awarding the Funds $504,282.59. A California Superior Court confirmed the Board's arbitration award and later entered a judgment against Bos in the same amount.[1]

Around the same time, Bos filed for Chapter 7 bankruptcy. *Id.* at 1008. When Bos tried to discharge the half-million-dollar debt he owed the Funds, the Board objected, and brought an adversary proceeding in bankruptcy

---

[1] We grant the Board's unopposed request and supplemental request for judicial notice.

court in an effort to have Bos's debt declared nondischargeable under the Bankruptcy Code. *Id.* The Board sought relief under three different provisions of the Code. One of those provisions, 11 U.S.C. § 523(a)(4), provides that a debtor may not discharge a debt he incurred through "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

Bos conceded that the Trust Agreements and the Promissory Note were fully enforceable, conceded that he had breached them, and conceded that his debt to the Funds was valid. Bos argued, however, that the Bankruptcy Code's exceptions to discharge simply did not apply to him.

The bankruptcy court sided with the Board, ultimately ruling that Bos's debt could not be discharged because he was a "fiduciary" within the meaning of 11 U.S.C. § 523(a)(4). The district court affirmed. Both courts decided that Bos was a fiduciary under the Bankruptcy Code because they determined that he was a fiduciary under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002.

Bos then appealed to this Court and we concluded that he was not a fiduciary under ERISA, and thus the Bankruptcy Code's "fiduciary" exception to discharge could not be applied to him. *Bos*, 795 F.3d at 1008–12. Having prevailed on the merits, Bos now seeks to recover attorney's fees expended litigating the nondischargeability action from the bankruptcy court up through our court on appeal.

## II

Bos's motion rests on two bases. First, he invokes a certain fee-shifting provision under California law, California Civil Code § 1717. Alternatively, he argues that ERISA authorizes us to award him fees in our discretion, *see* 29 U.S.C. § 1132(g)(1), and he asks us to do so.

## A

Section 1717 provides, in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The effect of section 1717 is to make reciprocal an otherwise unilateral contractual obligation to pay attorney's fees. *Santisas v. Goodin*, 17 Cal. 4th 599, 610–11 (1998).

As we recently explained, "[t]hree conditions must be met before [section 1717] applies." *In re Penrod*, 802 F.3d 1084, 1087 (9th Cir. 2015). First, the action generating the fees must have been an action "on a contract." *Id.* Second, the contract must provide that attorney's fees incurred to enforce it shall be awarded either to one of the parties or to the

prevailing party. *Id.* And third, the party seeking fees must have prevailed in the underlying action. *Id.* at 1087–88.

The California Supreme Court has explained that "section 1717 applies only to actions that contain at least one contract claim," and that "[i]f an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims." *Santisas*, 17 Cal. 4th at 615. Consistent with *Santisas*, we have previously held that a nondischargeability action is "on a contract" within section 1717 if "the bankruptcy court needed to determine the enforceability of the . . . agreement to determine dischargeability." *In re Baroff*, 105 F.3d 439, 442 (9th Cir. 1997).

The Bankruptcy Appellate Panel of the Ninth Circuit has held that *Santisas* and relevant Ninth Circuit cases establish not just a rule of inclusion, but also a rule of exclusion: that "if the bankruptcy court did *not* need to determine whether the contract was enforceable, then the dischargeability claim is *not* an action on the contract within the meaning of [California Civil Code] § 1717." *In re Davison*, 289 B.R. 716, 723 (B.A.P. 9th Cir. 2003) (emphasis added).

1

We adopt the BAP's construction of section 1717. It accords with the common sense meaning of the phrase "on a contract" and finds ample support in our precedents. For instance, we have held that an adversary proceeding in bankruptcy court was not "on a contract" within the meaning of section 1717 where the action neither litigated the validity of the contract nor required the bankruptcy court to consider "the state law governing contractual relationships." *In re*

*Johnson*, 756 F.2d 738, 740 (9th Cir. 1985). More broadly, we instructed that when "federal and not state law govern[s] the substantive issues involved in the [adversary proceeding]," we may not "award[] attorney's fees pursuant to a state statute." *Id.* at 741.

Likewise, in *In re Fulwiler*, 624 F.2d 908 (9th Cir. 1980), we held that a non-dischargeability action in bankruptcy was not "on a contract" under an Oregon fee-shifting statute identical to section 1717. *Id.* at 909 (citing Or. Rev. Stat. § 20.096). The reason, we later explained, was that "the bankruptcy court did not adjudicate the validity of the note in determining whether the debt was dischargeable," and so the note was merely "collateral to the non-dischargeability proceeding." *Baroff*, 105 F.3d at 442 (citing *Fulwiler*, 624 F.2d at 909–10).

Similarly, in *In re Hashemi*, 104 F.3d 1122 (9th Cir. 1996), we cited *Baroff* in holding that a creditor's "dischargeability claim [was] not an action on the contract," within the meaning of the contract itself, because "the bankruptcy court did not need to 'determine the enforceability of the . . . agreement to determine dischargeability.'" *Id.* at 1126 (quoting *Baroff*, 105 F.3d at 442).

In light of our precedents, we are persuaded that the action underlying Bos's fee request—the nondischargeability proceeding that began in bankruptcy court—was not an action "on a contract" within the meaning of section 1717. As the parties agree, "[t]here was no 'breach of contract' claim in the Trust Funds' adversary complaint." The nondischargeability proceeding arose entirely under the federal Bankruptcy Code, and in no way required the bankruptcy court to determine whether or to what extent the Trust Agreements or the Note

were enforceable against Bos, or whether Bos had violated their terms. Those questions had been answered in arbitration, and confirmed by a State Court; indeed, in the nondischargeability action Bos conceded that such contracts were valid and that he had breached them. The litigation from that point forward asked only whether federal bankruptcy law forbade Bos from discharging the debts everyone agreed he owed to the Funds. Such litigation is collateral to a contract rather than "on a contract," and as a consequence Bos may not use section 1717 to recover the fees he incurred in pursuing it.

2

Bos's principal counterargument relies on our recent decision in *Penrod*, 802 F.3d 1084. There, Penrod incurred her attorney's fees in an action that sought "to enforce, or avoid enforcement of, the provisions of the contract" between herself and one of her creditors. *Id.* at 1088. Specifically, the action underlying Penrod's motion for fees had asked "whether [a] provision of the contract should be enforced according to its terms, or whether its enforceability was limited by bankruptcy law to exclude [a particular] portion of the loan. By prevailing in that litigation, Penrod obtained a ruling that precluded [her creditor] from fully enforcing the terms of the contract." *Id.* (internal citations omitted). Penrod's action, in other words, required "the bankruptcy court . . . to determine the enforceability of the . . . agreement," and so it was comfortably an action "on a contract" within section 1717's previously recognized reach. *Baroff*, 105 F.3d at 442. In Bos's case, by contrast, the relevant action did not raise any question about the enforceability of the Trust Agreements or the Note. Such

action was therefore not "on a contract," and the attorney's fees Bos incurred are not recoverable under section 1717.**[2]**

## B

Nor is Bos entitled to attorney's fees under ERISA. ERISA's fee-shifting provision provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Bos's attempt to invoke ERISA fails because the nondischargeability action—the action giving rise to his fee request—was not an "action under" ERISA, and therefore § 1132(g)(1) does not make Bos eligible to recover fees.

### 1

Indeed, a party is eligible to recover fees under ERISA only if the action giving rise to his fee request meets the test for "arising under" jurisdiction set forth in ERISA's jurisdictional provision, 29 U.S.C. § 1132(e). Such rule should not be surprising; it comes directly from the straightforward language of the statute itself. In particular, § 1132(g)(1) follows immediately after ERISA's jurisdictional provisions, §§ 1132(e)(1) and (2), and the statute uses the same operative language to define *both* the scope of ERISA's jurisdiction *and* the scope of ERISA's fee

---

**[2]** The Board argues in the alternative that Bos cannot recover fees under section 1717 because in this case section 1717 is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and even if not, in this case section 1717 is preempted by ERISA, 29 U.S.C. § 1144(a). Because we conclude that Bos's fee request fails under section 1717, we express no view on the Board's preemption arguments.

shifting. That is, § 1132(e)(1) allocates federal and state court jurisdiction over "*actions under* subsection (a)(1)(B) of this section," "*actions under* this subchapter," and "*actions under* paragraphs (1)(B) and (7) of subsection (a)," while § 1132(e)(2) specifies venue and related requirements for "*action[s] under* this subchapter." *Id.* §§ 1132(e)(1)–(2) (emphases added). Immediately thereafter, § 1132(g)(1) opens the door to fee shifting in "*action[s] under* this subchapter." *Id.* § 1132(g)(1) (emphasis added).

ERISA's statutory structure and "[l]inguistic consistency" make plain that ERISA's jurisdictional and fee-shifting provisions are inextricably linked: the scope of the statute's jurisdictional reach sets the outer bound of the scope of its fee shifting. *Cf. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). Thus, § 1132(g)(1) makes a party eligible to recover fees if and only if the action that generated his fees meets the test for "arising under" jurisdiction incorporated into § 1132(e).

Such test is well established. Decades ago, in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983), the Supreme Court held that an action "arises under" a particular federal law—there, the law was in fact ERISA—only if such law "creates the [plaintiff's] cause of action" or, potentially at least, if "the plaintiff's right to relief necessarily depends on resolution of a substantial question" under such law. *Id.* at 27–28.

Here, there is no dispute that the Bankruptcy Code, not ERISA, grounds the Board's cause of action. *See* 28 U.S.C. §§ 157(b)(2)(I)–(J). Indeed, the Board's adversary complaint neither cited ERISA nor alleged any violation of an ERISA

plan; instead, the Board sought relief exclusively under the Bankruptcy Code.

2

Furthermore, because the nondischargeability claim in the Board's adversary complaint did not "necessarily depend[]" upon resolution of *any* question under ERISA, let alone a "substantial" question, no relief is available under such theory. The Board's nondischargeability complaint invoked three different provisions of the Bankruptcy Code, any one of which would have been sufficient to render Bos's debts nondischargeable. *See Bos*, 795 F.3d at 1012 (noting "the other nondischargeability exceptions put forth by the Board"). Only § 523(a)(4) potentially implicated ERISA, but even then not necessarily, because the bankruptcy court could have found Bos's debts to be nondischargeable under that section's "embezzlement" or "larceny" exceptions rather than its "fiduciary" exception, 11 U.S.C. § 523(a)(4), or the court could have found Bos to be a fiduciary due to some statute other than ERISA, *see In re Hemmeter*, 242 F.3d 1186, 1190 (9th Cir. 2001). In other words, the Board could have won the relief it sought without any court ever needing to invoke ERISA. Such was also the case in *Franchise Tax Board*, where "on the face of a well-pleaded complaint there are many reasons completely unrelated to the provisions and purposes of ERISA why the State may or may not be entitled to the relief it seeks." 463 U.S. at 26. As in that case, so too in this one: the relevant proceeding did not arise under ERISA. *See id.* at 25–26.

Of course, Bos is right that, as this litigation unfolded, the meaning of an ERISA term came to assume a central role. After all, the only question we reviewed on appeal was

whether Bos qualified as a "fiduciary" under the Bankruptcy Code, on the specific theory that Bos was a "fiduciary" under ERISA. *Bos*, 795 F.3d at 1008–09. But the Board's well-pleaded complaint did not *require* us to construe an ERISA term; that we wound up doing so is not enough to make the nondischargeability proceeding an "action under" ERISA for jurisdictional purposes. Indeed, in *Franchise Tax Board* the Supreme Court explicitly rejected the proposition that "any . . . action which would require the interpretation or application of ERISA to a plan document 'arises under'" ERISA. 463 U.S. at 24. The Court also made clear that ERISA "does not purport to reach every question relating to plans covered by ERISA." *Id.* at 25. Hence, the mere fact that the parties spent time debating the meaning of an ERISA term is not enough to make the nondischargeability proceeding an "action under" ERISA for fee-shifting purposes.

We reject Bos's invitation to take a more liberal approach to fee-shifting under ERISA. First, and most important, the text of the statute is simply not flexible enough to allow the interpretation Bos proposes. Second, we are concerned about the mischief that would result if we were to allow fee shifting under ERISA even for actions that cannot be said to arise specifically under that statute. Doing so would "undermine the clarity and ease of administration" that § 1132(g)(1) would enjoy insofar as its application is tied to the jurisdictional requirements of the "well-pleaded-complaint doctrine." *See Holmes Grp. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 832 (2002) (citing *Franchise Tax Bd.*, 463 U.S. at 11). Additionally, Bos's more expansive interpretation would incentivize plaintiffs to plead non-ERISA causes of action that incorporate ingredients drawn from ERISA, if for no other reason than to render themselves eligible to recover

attorney's fees under § 1132(g)(1). We think neither consequence is desirable.

In sum, the Board's nondischargeability proceeding was not an "action under" ERISA within the meaning of § 1132(g)(1), and therefore ERISA does not provide Bos grounds to recover the attorney's fees he generated litigating it.

## III

Bos's application for attorney's fees is **DENIED**.