Dissent by Judge Gleason
ORDER
*909 The opinion filed on March 21, 2018, and appearing at 885 F.3d 1197, is hereby amended as follows: Footnote 7, which appears at page 1200 and which reads < The dissent argues that Bos I's holding ... over the plan asset to make him a fiduciary).>, is deleted.
With the foregoing amendment, Judge Friedland voted to deny the petition for rehearing en banc and Judge Clifton so recommended. Judge Gleason recommended granting the petition for rehearing en banc.
The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.
The petition for rehearing en banc is DENIED. No future petitions shall be entertained.
FRIEDLAND, Circuit Judge:
The trustees of Glazing Health and Welfare Fund and several other employee benefit trust funds (collectively, "the Trusts") appeal from the district court's dismissal of their lawsuit against Michael Lamek and Kelly Marshall, the sole owners and officers of Accuracy Glass & Mirror Company, Inc. ("Accuracy"). The lawsuit sought unpaid contributions owed under the contracts governing the benefit plans that the Trusts managed for Accuracy. The Trusts argue that, pursuant to those contracts, the unpaid contributions were trust assets over which Lamek and Marshall exercised control and that the Trusts therefore could sue the individuals as fiduciaries to collect those contributions. We agree with the district court that Bos v. Board of Trustees (Bos I ), 795 F.3d 1006 (9th Cir. 2015), cert. denied , --- U.S. ----, 136 S.Ct. 1452, 194 L.Ed.2d 551 (2016), *910 which held that parties to an ERISA plan cannot designate unpaid contributions as plan assets, forecloses the Trusts' claim.[1] We therefore affirm.
I.
Accuracy was a Nevada corporation that operated as a glass and glazing contractor.[2] Marshall served as the president of the corporation, and Lamek served as the secretary and treasurer. Accuracy was a party to two Master Labor Agreements ("MLAs") that required it to contribute to the Trusts from 2007 to 2011 and 2013 to 2015 to provide employee benefits, including health insurance and pensions. In addition, each Trust was governed by its own Trust Agreement, which purported to treat unpaid contributions as trust assets. For example, a document governing the Glazing Health and Welfare Fund stated that "monies (whether paid, unpaid, segregated, or otherwise traceable, or not) become Trust Fund assets on the Due Date."
This dispute arose when the Trusts alleged that Accuracy failed to make payments required by the MLAs. The Trusts filed suit in the United States District Court for the District of Nevada, asserting claims against Lamek and Marshall, including for breach of fiduciary duty.[3] Those claims were initially dismissed, but, after amendment, the fiduciary duty claim survived a second motion to dismiss. After Bos I was decided, however, Lamek and Marshall filed a motion for reconsideration of their second motion to dismiss in light of that decision. The district court granted the motion and dismissed the fiduciary duty claim, reasoning that, under Bos I , "an employer's contractual requirement to contribute to an employee benefits trust fund" does not make it a "fiduciary of unpaid contributions," and that therefore "Lamek and Marshall are not subject to fiduciary liability under ERISA" for the unpaid contributions at issue. The Trusts timely appealed.
II.
We agree with the district court that our case law forecloses the Trusts' fiduciary duty claim.[4] In Cline v. Industrial Maintenance Engineering & Contracting Co. , 200 F.3d 1223 (9th Cir. 2000), we adopted the general rule that "[u]ntil the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation." Id. at 1234. Although in Carpenters Pension Trust Fund for Northern California v. Moxley , 734 F.3d 864 (9th Cir. 2013), we left open whether to recognize an exception to Cline 's rule that would apply when plan documents expressly define the fund to include future payments, id. at 870, we rejected such an exception in Bos I .[5]
*911 Bos I concerned a dispute similar to this one. Bos Enterprises, Inc. ("BEI") had agreed to be bound by a master agreement that required BEI to contribute to the trust funds that were parties to that agreement. 795 F.3d at 1007. The associated trust agreements generally "defined each fund to include ... any other money received or held because of or pursuant to the trust." Id. Gregory Bos, as president of BEI, "personally had full control over BEI's finances, as well as authority to make payments on behalf of BEI" to the funds. Id. at 1007-08. When BEI struggled to make payments as required by the master agreement, the trustees of the funds filed a grievance against BEI and Bos individually. Id. at 1008. An arbitrator granted awards against both. Id.
Bos then filed for bankruptcy. Id. The trustees responded by filing a complaint in his bankruptcy proceeding, arguing that pursuant to the Bankruptcy Code, which provides that an individual debtor cannot discharge a debt "for fraud or defalcation while acting in a fiduciary capacity," 11 U.S.C. § 523(a)(4), the debt owed to the trusts was not dischargeable. Bos I , 795 F.3d at 1008 & n.2.
Under our case law, if an individual is a fiduciary under ERISA, he or she "is also treated as a fiduciary for purposes of § 523(a)(4)." Id. at 1008. Thus, Bos I addressed whether Bos was a fiduciary of the trusts under ERISA and therefore was properly considered a fiduciary under § 523(a)(4). Id. at 1008-09 ; see also id. at 1007 ("We must decide whether an employer's contractual requirement to contribute to an employee benefits trust fund makes it a fiduciary of unpaid contributions.").
After recognizing disagreement in our sister circuits over whether an individual who controls money contractually owed to ERISA funds is a fiduciary under ERISA,[6] we sided with the circuits that "declined to apply an exception to the general rule that an employer cannot be an ERISA fiduciary with respect to unpaid contributions." Bos I , 795 F.3d at 1010 ; see also id. at 1010-11 (agreeing with the Tenth and Sixth Circuits). In other words, we held that even an ERISA plan that treats unpaid contributions as plan assets does not make an employer a fiduciary with respect to those owed funds.
The Trusts argue that Bos I does not control in this ERISA case because Bos I was a bankruptcy case, and fiduciary duties are construed more broadly under ERISA than under the Bankruptcy Code. Compare In re Cantrell , 329 F.3d 1119, 1125 (9th Cir. 2003) ("[W]e have adopted a narrow definition of 'fiduciary' for purposes of § 523(a)(4)."), with John Hancock Mut. Life Ins. Co. v. Harris Tr. & Sav. Bank , 510 U.S. 86, 96, 114 S.Ct. 517, 126 L.Ed.2d 524 (1993) ("To help fulfill ERISA's broadly protective purposes, Congress commodiously imposed fiduciary standards on persons whose actions affect the amount of benefits retirement plan participants will receive." (footnote omitted) ). But in Bos I , we declined to recognize an exception to the "general rule that unpaid contributions to employee benefit funds are not plan assets" and accordingly held that Bos was not a fiduciary under ERISA. 795 F.3d at 1012; see also id="p912" href="#p912" data-label="912" data-citation-index="1" class="page-label">*912id. at 1008-11. We then concluded that because Bos was not a fiduciary under ERISA, he was also not a fiduciary under § 523(a)(4). See Bos I , 795 F.3d at 1008 ("If an individual is a fiduciary for purposes of [ERISA], the individual is also treated as a fiduciary for purposes of § 523(a)(4)." (citing In re Hemmeter , 242 F.3d 1186, 1190 (9th Cir. 2001) ) ). Thus, contrary to the Trusts' assertions, the implications of Bos I extend beyond bankruptcy to ERISA.
Even if the wording of Bos I left room for doubt on this score, the same panel of our court clarified in a later published order that in Bos I it had "concluded that [Bos] was not a fiduciary under ERISA, and thus [that] the Bankruptcy Code's 'fiduciary' exception to discharge could not be applied to him." Bos v. Bd. of Trs. (Bos II ), 818 F.3d 486, 489 (9th Cir. 2016) (citing Bos I , 795 F.3d at 1008-12 ).
That rule applies equally here and dictates that the district court was correct to conclude that Lamek and Marshall were not fiduciaries of the Trusts. Although the Trusts argue that this result conflicts with ERISA policy, we as a three-judge panel are bound by Bos I regardless. See Miller v. Gammie , 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc) (explaining that a prior circuit decision on a question of federal law is binding on a three-judge panel in the absence of an intervening Supreme Court decision).
III.
For the foregoing reasons, we AFFIRM .

ERISA is the federal statute that governs the pension and health and welfare benefit plans in this case. See Employee Retirement Income Security Act of 1974 ("ERISA"), Pub.L.No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 29 U.S.C.).

It is not clear from the record or briefing whether Accuracy is still in business. We use the past tense for convenience.

The Trusts also asserted separate claims against Accuracy. The court granted summary judgment to the Trusts on those claims, a ruling that is not at issue in this appeal.

Because we hold that this case is controlled by Bos I , we need not reach the parties' additional arguments about whether the Trust Agreements were binding on Lamek and Marshall.

The dissent contends that Bos I left that question open. To the contrary, although Bos I initially explained that we had "not yet determined whether to recognize ... an exception to Cline ," 795 F.3d at 1009, we then proceeded to do exactly that, see id. at 1010-11 (agreeing "with the view taken by the Sixth" Circuit, which we described as having "declined to apply an exception to the general rule that an employer cannot be an ERISA fiduciary with respect to unpaid contributions").

See Bos I, 795 F.3d at 1009-11 (comparing, among others, ITPE Pension Fund v. Hall, 334 F.3d 1011 (11th Cir. 2003), and Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182 (2d Cir. 2015), with In re Luna, 406 F.3d 1192 (10th Cir. 2005), and In re Bucci, 493 F.3d 635 (6th Cir. 2007) ).