GLEASON, District Judge, dissenting:
I respectfully dissent.
"The plan, in short, is at the center of ERISA." US Airways, Inc. v. McCutchen , 569 U.S. 88, 101, 133 S.Ct. 1537, 185 L.Ed.2d 654 (2013). "This focus on the written terms of the plan is the linchpin of 'a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place.' " Heimeshoff v. Hartford Life & Acc. Ins. Co. , 571 U.S. 99, 134 S.Ct. 604, 612, 187 L.Ed.2d 529 (2013) (quoting Varity Corp. v. Howe , 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (alterations omitted) ). But despite the Supreme Court's view on the primacy of plan language, the majority opts to expansively interpret and then apply Bos v. Board of Trustees (Bos I ), 795 F.3d 1006 (9th Cir. 2015), cert. denied , --- U.S. ----, 136 S.Ct. 1452, 194 L.Ed.2d 551 (2016), a circuit opinion from a bankruptcy case, and thereby void any contractual provision between employers and employee trusts that would have made an employer liable as a fiduciary for failing to make employer contributions to the trust.
The sole issue in Bos I was whether the debtor in a bankruptcy proceeding was a "fiduciary" under 11 U.S.C. § 523(a)(4). The majority states that " Bos I held that parties to an ERISA plan cannot designate unpaid contributions as plan assets." But Bos I did no such thing. To the contrary, it expressly did not decide whether, outside of a bankruptcy context, contracting parties to an ERISA plan may designate unpaid employer contributions as plan assets[1] Indeed, Bos I recognized that "such asset could be classified as the unpaid past-due contributions." Bos I , 795 F.3d at 1011 (citing ITPE Pension Fund v. Hall , 334 F.3d 1011, 1014 (11th Cir. 2003) ). But the Bos I court then concluded that in the bankruptcy context, the nonpayment of the funds would be "the same event that created *913 the fiduciary status, and thus, the debt would not fall under § 523(a)(4)." Bos I , 795 F.3d at 1011 (citing In re Hemmeter , 242 F.3d 1186, 1190 (9th Cir. 2001) ). In Hall , cited with approval in Bos I , the Eleventh Circuit held it would impose fiduciary liability when "either clear contractual language or clear, shared intent of the parties" demonstrates it was "clearly intended by the parties to make unpaid employer contributions assets of the Fund." Hall , 334 F.3d at 1012, 1016.
Furthermore, the majority's extension of Bos I 's holding to outside of the bankruptcy context is inconsistent with the language of Bos I itself. Bos I repeatedly defines the question before it as whether Bos's conduct made him a fiduciary under § 523(a)(4) of the Bankruptcy Code. See, e.g. , Bos I , 795 F.3d at 1011 ("[I]t comports with the limited approach we take in recognizing fiduciary status, particularly in the § 523(a)(4) context.... Moreover, a typical employer never has sufficient control over a plan asset to make it a fiduciary for purposes of § 523(a)(4)."). Bos I cites to § 523 of the Bankruptcy Code a total of 26 times. The precise holding in Bos I -that "Bos did not engage in defalcation for purposes of § 523(a)(4)"-makes clear its holding was limited to bankruptcy proceedings.
The majority cites Bos v. Board of Trustees (Bos II ), 818 F.3d 486, 489 (9th Cir. 2016), as confirming that Bos I established a broad rule that fiduciary liability can never attach to employers over unpaid contributions to ERISA plans.[2] However, the sentence in Bos II that the majority cites is simply a prelude to the distinct legal issue that was then before the court, which involved only a dispute over attorney's fees incurred during the underlying case. This casual shorthand (and inaccurate) summary of Bos I 's holding in Bos II is not binding on a subsequent panel. See In re Wal-Mart Wage & Hour Emp't Practices Litig. , 737 F.3d 1262, 1268 n.8 (9th Cir. 2013) ("[N]ot every statement of law in every opinion is binding on later panels. Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case." (citations omitted) ).
The majority's holding puts the Ninth Circuit at odds with other circuits, including the Seventh and Second, which have held that unpaid employer contributions may constitute plan assets when the parties explicitly agree to treat them as such. See Hall , 334 F.3d at 1013 ; Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC , 779 F.3d 182, 189 (2d Cir. 2015). The majority notes that other circuits have held to the contrary, citing In re Luna , 406 F.3d 1192 (10th Cir. 2005) and In re Bucci , 493 F.3d 635 (6th Cir. 2007). See Bos I , 795 F.3d at 1010 (stating that "[o]ther circuits [such as the Tenth and Sixth] have declined to apply such an exception, particularly in the context of § 523(a)(4)"). As the court noted in Bos I , Bucci and Luna were each bankruptcy cases. And neither case held that parties to an ERISA plan cannot designate unpaid contributions as plan assets. See Bucci , 493 F.3d at 643 ("The act that created the debt-[the employer's] breach of his contractual obligation to pay the employer *914 contributions-is also the exercise of control that the Funds allege made [the employer] an ERISA fiduciary. But for a trust relationship to satisfy § 523(a)(4), the alleged fiduciary must have duties that preexist the act creating the debt.");[3] Luna , 406 F.3d at 1201, 1203 (holding that contractual right to unpaid contributions is a plan asset, but employer "cannot become an ERISA fiduciary merely because it breaches its contractual obligations to a fund").
Consistent with my reading of Bos I and the directives of the Supreme Court, I would find that unpaid employer contributions to employee benefit plans may constitute plan assets when the ERISA plan document expressly defines them as such.[4]
For the foregoing reasons, I respectfully dissent.

See Bos I , 795 F.3d at 1009 ("We have not yet determined whether to recognize such an exception to Cline [v. Indus. Maint. Eng'g & Contracting Co. , 200 F.3d 1223 (9th Cir. 2000) ]," which established the general rule that unpaid contributions are not plan assets).

"Bos then appealed to this Court and we concluded that he was not a fiduciary under ERISA, and thus the Bankruptcy Code's 'fiduciary' exception to discharge could not be applied to him." Bos II , 818 F.3d at 489. But this summary of Bos I is inaccurate; as discussed above, Bos I did not broadly hold that Bos "was not a fiduciary under ERISA."

Bos I agreed with the Sixth Circuit's determination "that an employer cannot commit defalcation under § 523(a)(4) simply by failing to make contractually-required contributions, even if the plan defines the fund as including future contributions." See Bos I at 1011.

I would then remand to the district court to determine in the first instance whether the relevant plan documents so provided.