**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GLAZING HEALTH AND WELFARE
FUND, Trustees; SOUTHERN NEVADA
GLAZIERS AND FABRICATORS
PENSION TRUST FUND; PAINTERS,
GLAZIERS AND FLOORCOVERERS
JOINT APPRENTICESHIP AND
JOURNEYMAN TRAINING TRUST;
PAINTERS, GLAZIERS AND
FLOORCOVERERS SAFETY TRAINING
TRUST FUND; IUPAT POLITICAL
ACTION COMMITTEE; SOUTHERN
NEVADA PAINTERS AND
DECORATORS AND GLAZIERS LABOR-
MANAGEMENT COOPERATION
COMMITTEE TRUST; IUPAT
INDUSTRY PENSION TRUST FUND;
SOUTHERN CALIFORNIA, ARIZONA,
COLORADO AND SOUTHERN NEVADA
GLAZIERS, ARCHITECTURAL METAL
AND GLASS WORKERS PENSION
TRUST FUND,
                    *Plaintiffs-Appellants*,

                    v.

MICHAEL A. LAMEK; KELLY D.
MARSHALL,
                    *Defendants-Appellees*,

No. 16-16155

D.C. No.
2:13-cv-01106-
KJD-NJK

ORDER AND
AMENDED
OPINION

and

ACCURACY GLASS & MIRROR
COMPANY, INC.,

*Defendant.*

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Filed March 21, 2018
Amended July 19, 2018

Before: Richard R. Clifton and Michelle T. Friedland,
Circuit Judges, and Sharon L. Gleason,[*] District Judge.

Order;
Opinion by Judge Friedland;
Dissent by Judge Gleason

---

[*] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

## SUMMARY**

### Employee Retirement Income Security Act

The panel filed (1) an order amending its opinion and denying, on behalf of the court, a petition for rehearing en banc; and (2) an amended opinion affirming the district court's dismissal of an ERISA action.

The action was brought by employee benefit trust funds, seeking unpaid contributions owed under the contracts governing the benefit plans that the trust funds managed for Accuracy Glass & Mirror Company. The trust funds argued that, pursuant to those contracts, the unpaid contributions were trust assets over which the owners and officers of Accuracy exercised control and that the trust funds therefore could sue these individuals as fiduciaries to collect the contributions. The panel held that the trust funds' claim was foreclosed by *Bos v. Bd. of Trustees* (*Bos I*), 795 F.3d 1006 (9th Cir. 2015), which held that employers are not fiduciaries under ERISA as to unpaid contributions to ERISA benefit plans.

Dissenting, Judge Gleason wrote that she disagreed with the majority's interpretation of *Bos I* and would find that outside of the bankruptcy context unpaid employer contributions to employee benefit plans may constitute plan assets when the ERISA plan document expressly defines them as such.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Wesley J. Smith (argued) and Daryl E. Martin, Christensen James & Martin, Las Vegas, Nevada; Daniel L. Geyser, Stris & Maher LLP, Dallas, Texas; for Plaintiffs-Appellants.

Mark S. Dzarnoski (argued), Gentile Cristalli Miller Armeni Savarese, Las Vegas, Nevada, for Defendants-Appellees.

Laurie A. Traktman and Benjamin M. O'Donnell, Gilbert & Sackman, Los Angeles, California, for Amici Curiae Boards of Trustees of the Sheet Metal Workers' Pension and Health Plans of Southern California, Arizona, and Nevada.

J. Paul Moorhead, Laquer Urban Clifford & Hodge LLP, Pasadena, California; Nathan R. Ring, The Urban Law Firm, Las Vegas, Nevada; for Amici Curiae Trustees of the Employee Painters' Trust Health & Welfare Fund, Southern California Pipe Trades Trust Funds, Bricklayers Local 13 Trust Funds, and International Trowel Trades Trust Funds.

Concepción E. Lozano-Batista, Kristina M. Zinnen, Kristina L. Hillman, and Barry E. Hinkle, Weinberg Roger & Rosenfeld, Alameda, California, for Amici Curiae Laborers Pension Trust for Northern California, Laborers Health and Welfare Trust for Northern California, Oregon Laborers-Employers Pension Plan, Oregon Laborers-Employers Health And Welfare Plan, Construction Industry and Laborers Joint Pension Trust for Southern Nevada, and Construction Industry and Laborers Joint Health and Welfare Trust for Southern Nevada.

## ORDER

The opinion filed on March 21, 2018, and appearing at 885 F.3d 1197, is hereby amended as follows:  Footnote 7, which appears at page 1200 and which reads <The dissent argues that *Bos I*'s holding . . . over the plan asset to make him a fiduciary).>, is deleted.

With the foregoing amendment, Judge Friedland voted to deny the petition for rehearing en banc and Judge Clifton so recommended.  Judge Gleason recommended granting the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc.  Fed. R. App. P. 35.

The petition for rehearing en banc is **DENIED**.  No future petitions shall be entertained.

---

## OPINION

FRIEDLAND, Circuit Judge:

The trustees of Glazing Health and Welfare Fund and several other employee benefit trust funds (collectively, "the Trusts") appeal from the district court's dismissal of their lawsuit against Michael Lamek and Kelly Marshall, the sole owners and officers of Accuracy Glass & Mirror Company, Inc. ("Accuracy").  The lawsuit sought unpaid contributions owed under the contracts governing the benefit plans that the Trusts managed for Accuracy.  The Trusts argue that, pursuant to those contracts, the unpaid contributions were trust assets over which Lamek and Marshall exercised

control and that the Trusts therefore could sue the individuals as fiduciaries to collect those contributions. We agree with the district court that *Bos v. Board of Trustees* (*Bos I*), 795 F.3d 1006 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1452 (2016), which held that parties to an ERISA plan cannot designate unpaid contributions as plan assets, forecloses the Trusts' claim.[1]  We therefore affirm.

## I.

Accuracy was a Nevada corporation that operated as a glass and glazing contractor.[2]  Marshall served as the president of the corporation, and Lamek served as the secretary and treasurer.  Accuracy was a party to two Master Labor Agreements ("MLAs") that required it to contribute to the Trusts from 2007 to 2011 and 2013 to 2015 to provide employee benefits, including health insurance and pensions. In addition, each Trust was governed by its own Trust Agreement, which purported to treat unpaid contributions as trust assets.  For example, a document governing the Glazing Health and Welfare Fund stated that "monies (whether paid, unpaid, segregated, or otherwise traceable, or not) become Trust Fund assets on the Due Date."

This dispute arose when the Trusts alleged that Accuracy failed to make payments required by the MLAs.  The Trusts filed suit in the United States District Court for the District

---

[1] ERISA is the federal statute that governs the pension and health and welfare benefit plans in this case. *See* Employee Retirement Income Security Act of 1974 ("ERISA"), Pub.L.No. 93-406, 88 Stat. 829 (codified as amended in scattered sections of 29 U.S.C.).

[2] It is not clear from the record or briefing whether Accuracy is still in business.  We use the past tense for convenience.

of Nevada, asserting claims against Lamek and Marshall, including for breach of fiduciary duty.**[3]**  Those claims were initially dismissed, but, after amendment, the fiduciary duty claim survived a second motion to dismiss.  After *Bos I* was decided, however, Lamek and Marshall filed a motion for reconsideration of their second motion to dismiss in light of that decision.  The district court granted the motion and dismissed the fiduciary duty claim, reasoning that, under *Bos I*, "an employer's contractual requirement to contribute to an employee benefits trust fund" does not make it a "fiduciary of unpaid contributions," and that therefore "Lamek and Marshall are not subject to fiduciary liability under ERISA" for the unpaid contributions at issue.  The Trusts timely appealed.

## II.

We agree with the district court that our case law forecloses the Trusts' fiduciary duty claim.**[4]**  In *Cline v. Industrial Maintenance Engineering & Contracting Co.*, 200 F.3d 1223 (9th Cir. 2000), we adopted the general rule that "[u]ntil the employer pays the employer contributions over to the plan, the contributions do not become plan assets over which fiduciaries of the plan have a fiduciary obligation." *Id.* at 1234.  Although in *Carpenters Pension Trust Fund for Northern California v. Moxley*, 734 F.3d 864 (9th Cir. 2013), we left open whether to recognize an

---

**[3]** The Trusts also asserted separate claims against Accuracy.  The court granted summary judgment to the Trusts on those claims, a ruling that is not at issue in this appeal.

**[4]** Because we hold that this case is controlled by *Bos I*, we need not reach the parties' additional arguments about whether the Trust Agreements were binding on Lamek and Marshall.

exception to *Cline*'s rule that would apply when plan documents expressly define the fund to include future payments, *id.* at 870, we rejected such an exception in *Bos I*.[5]

*Bos I* concerned a dispute similar to this one. Bos Enterprises, Inc. ("BEI") had agreed to be bound by a master agreement that required BEI to contribute to the trust funds that were parties to that agreement. 795 F.3d at 1007. The associated trust agreements generally "defined each fund to include . . . any other money received or held because of or pursuant to the trust." *Id.* Gregory Bos, as president of BEI, "personally had full control over BEI's finances, as well as authority to make payments on behalf of BEI" to the funds. *Id.* at 1007–08. When BEI struggled to make payments as required by the master agreement, the trustees of the funds filed a grievance against BEI and Bos individually. *Id.* at 1008. An arbitrator granted awards against both. *Id.*

Bos then filed for bankruptcy. *Id.* The trustees responded by filing a complaint in his bankruptcy proceeding, arguing that pursuant to the Bankruptcy Code, which provides that an individual debtor cannot discharge a debt "for fraud or defalcation while acting in a fiduciary capacity," 11 U.S.C. § 523(a)(4), the debt owed to the trusts was not dischargeable. *Bos I*, 795 F.3d at 1008 & n.2.

Under our case law, if an individual is a fiduciary under ERISA, he or she "is also treated as a fiduciary for purposes

---

[5] The dissent contends that *Bos I* left that question open. To the contrary, although *Bos I* initially explained that we had "not yet determined whether to recognize . . . an exception to *Cline*," 795 F.3d at 1009, we then proceeded to do exactly that, *see id.* at 1010–11 (agreeing "with the view taken by the Sixth" Circuit, which we described as having "declined to apply an exception to the general rule that an employer cannot be an ERISA fiduciary with respect to unpaid contributions").

of § 523(a)(4)." *Id.* at 1008.  Thus, *Bos I* addressed whether Bos was a fiduciary of the trusts under ERISA and therefore was properly considered a fiduciary under § 523(a)(4).  *Id.* at 1008–09; *see also id.* at 1007 ("We must decide whether an employer's contractual requirement to contribute to an employee benefits trust fund makes it a fiduciary of unpaid contributions.").

After recognizing disagreement in our sister circuits over whether an individual who controls money contractually owed to ERISA funds is a fiduciary under ERISA,[6] we sided with the circuits that "declined to apply an exception to the general rule that an employer cannot be an ERISA fiduciary with respect to unpaid contributions."  *Bos I*, 795 F.3d at 1010; *see also id.* at 1010–11 (agreeing with the Tenth and Sixth Circuits).  In other words, we held that even an ERISA plan that treats unpaid contributions as plan assets does not make an employer a fiduciary with respect to those owed funds.

The Trusts argue that *Bos I* does not control in this ERISA case because *Bos I* was a bankruptcy case, and fiduciary duties are construed more broadly under ERISA than under the Bankruptcy Code.  *Compare In re Cantrell*, 329 F.3d 1119, 1125 (9th Cir. 2003) ("[W]e have adopted a narrow definition of 'fiduciary' for purposes of § 523(a)(4)."), *with John Hancock Mut. Life Ins. Co. v. Harris Tr. & Sav. Bank*, 510 U.S. 86, 96 (1993) ("To help fulfill ERISA's broadly protective purposes, Congress

---

[6] See Bos I, 795 F.3d at 1009–11 (comparing, among others, ITPE Pension Fund v. Hall, 334 F.3d 1011 (11th Cir. 2003), and Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182 (2d Cir. 2015), with In re Luna, 406 F.3d 1192 (10th Cir. 2005), and In re Bucci, 493 F.3d 635 (6th Cir. 2007)).

commodiously imposed fiduciary standards on persons whose actions affect the amount of benefits retirement plan participants will receive." (footnote omitted)).  But in *Bos I*, we declined to recognize an exception to the "general rule that unpaid contributions to employee benefit funds are not plan assets" and accordingly held that Bos was not a fiduciary under ERISA.  795 F.3d at 1012; *see also id.* at 1008–11.  We then concluded that because Bos was not a fiduciary under ERISA, he was also not a fiduciary under § 523(a)(4).  *See Bos I*, 795 F.3d at 1008 ("If an individual is a fiduciary for purposes of [ERISA], the individual is also treated as a fiduciary for purposes of § 523(a)(4)." (citing *In re Hemmeter*, 242 F.3d 1186, 1190 (9th Cir. 2001))).  Thus, contrary to the Trusts' assertions, the implications of *Bos I* extend beyond bankruptcy to ERISA.

Even if the wording of *Bos I* left room for doubt on this score, the same panel of our court clarified in a later published order that in *Bos I* it had "concluded that [Bos] was not a fiduciary under ERISA, and thus [that] the Bankruptcy Code's 'fiduciary' exception to discharge could not be applied to him." *Bos v. Bd. of Trs.* (*Bos II*), 818 F.3d 486, 489 (9th Cir. 2016) (citing *Bos I*, 795 F.3d at 1008–12).

That rule applies equally here and dictates that the district court was correct to conclude that Lamek and Marshall were not fiduciaries of the Trusts.  Although the Trusts argue that this result conflicts with ERISA policy, we as a three-judge panel are bound by *Bos I* regardless.  *See Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc) (explaining that a prior circuit decision on a question of federal law is binding on a three-judge panel in the absence of an intervening Supreme Court decision).

## III.

For the foregoing reasons, we **AFFIRM**.

---

GLEASON, District Judge, dissenting:

I respectfully dissent.

"The plan, in short, is at the center of ERISA." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013). "This focus on the written terms of the plan is the linchpin of 'a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place.'" *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 612 (2013) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996) (alterations omitted)). But despite the Supreme Court's view on the primacy of plan language, the majority opts to expansively interpret and then apply *Bos v. Board of Trustees* (*Bos I*), 795 F.3d 1006 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1452 (2016), a circuit opinion from a bankruptcy case, and thereby void any contractual provision between employers and employee trusts that would have made an employer liable as a fiduciary for failing to make employer contributions to the trust.

The sole issue in *Bos I* was whether the debtor in a bankruptcy proceeding was a "fiduciary" under 11 U.S.C. § 523(a)(4). The majority states that "*Bos I* held that parties to an ERISA plan cannot designate unpaid contributions as plan assets." But *Bos I* did no such thing. To the contrary, it expressly did not decide whether, outside of a bankruptcy context, contracting parties to an ERISA plan may designate

unpaid employer contributions as plan assets[1]  Indeed, *Bos I* recognized that "such asset could be classified as the unpaid past-due contributions."  *Bos I*, 795 F.3d at 1011 (citing *ITPE Pension Fund v. Hall*, 334 F.3d 1011, 1014 (11th Cir. 2003)).  But the *Bos I* court then concluded that in the bankruptcy context, the nonpayment of the funds would be "the same event that created the fiduciary status, and thus, the debt would not fall under § 523(a)(4)."  *Bos I*, 795 F.3d at 1011 (citing *In re Hemmeter,* 242 F.3d 1186, 1190 (9th Cir. 2001)).  In *Hall*, cited with approval in *Bos I*, the Eleventh Circuit held it would impose fiduciary liability when "either clear contractual language or clear, shared intent of the parties" demonstrates it was "clearly intended by the parties to make unpaid employer contributions assets of the Fund."  *Hall*, 334 F.3d at 1012, 1016.

Furthermore, the majority's extension of *Bos I*'s holding to outside of the bankruptcy context is inconsistent with the language of *Bos I* itself.  *Bos I* repeatedly defines the question before it as whether Bos's conduct made him a fiduciary under § 523(a)(4) of the Bankruptcy Code.  *See, e.g., Bos I*, 795 F.3d at 1011 ("[I]t comports with the limited approach we take in recognizing fiduciary status, particularly in the §523(a)(4) context. . . . Moreover, a typical employer never has sufficient control over a plan asset to make it a fiduciary for purposes of §523(a)(4).").  *Bos I* cites to § 523 of the Bankruptcy Code a total of 26 times.  The precise holding in *Bos I*—that "Bos did not

---

[1] *See Bos I*, 795 F.3d at 1009 ("We have not yet determined whether to recognize such an exception to *Cline* [*v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223 (9th Cir. 2000)]," which established the general rule that unpaid contributions are not plan assets).

engage in defalcation for purposes of §523(a)(4)"—makes clear its holding was limited to bankruptcy proceedings.

The majority cites *Bos v. Board of Trustees* (*Bos II*), 818 F.3d 486, 489 (9th Cir. 2016), as confirming that *Bos I* established a broad rule that fiduciary liability can never attach to employers over unpaid contributions to ERISA plans.[2]  However, the sentence in *Bos II* that the majority cites is simply a prelude to the distinct legal issue that was then before the court, which involved only a dispute over attorney's fees incurred during the underlying case.  This casual shorthand (and inaccurate) summary of *Bos I*'s holding in *Bos II* is not binding on a subsequent panel.  *See In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 737 F.3d 1262, 1268 n.8 (9th Cir. 2013) ("[N]ot every statement of law in every opinion is binding on later panels. Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case." (citations omitted)).

The majority's holding puts the Ninth Circuit at odds with other circuits, including the Seventh and Second, which have held that unpaid employer contributions may constitute plan assets when the parties explicitly agree to treat them as such.  *See Hall*, 334 F.3d at 1013; *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v.*

---

**[2]** "Bos then appealed to this Court and we concluded that he was not a fiduciary under ERISA, and thus the Bankruptcy Code's 'fiduciary' exception to discharge could not be applied to him." *Bos II*, 818 F.3d at 489.  But this summary of *Bos I* is inaccurate; as discussed above, *Bos I* did not broadly hold that Bos "was not a fiduciary under ERISA."

*Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015). The majority notes that other circuits have held to the contrary, citing *In re Luna*, 406 F.3d 1192 (10th Cir. 2005) and *In re Bucci*, 493 F.3d 635 (6th Cir. 2007). *See Bos I*, 795 F.3d at 1010 (stating that "[o]ther circuits [such as the Tenth and Sixth] have declined to apply such an exception, particularly in the context of § 523(a)(4)"). As the court noted in *Bos I*, *Bucci* and *Luna* were each bankruptcy cases. And neither case held that parties to an ERISA plan cannot designate unpaid contributions as plan assets. *See Bucci*, 493 F.3d at 643 ("The act that created the debt—[the employer's] breach of his contractual obligation to pay the employer contributions—is also the exercise of control that the Funds allege made [the employer] an ERISA fiduciary. But for a trust relationship to satisfy § 523(a)(4), the alleged fiduciary must have duties that preexist the act creating the debt.");[3] *Luna*, 406 F.3d at 1201, 1203 (holding that contractual right to unpaid contributions is a plan asset, but employer "cannot become an ERISA fiduciary merely because it breaches its contractual obligations to a fund").

Consistent with my reading of *Bos I* and the directives of the Supreme Court, I would find that unpaid employer contributions to employee benefit plans may constitute plan assets when the ERISA plan document expressly defines them as such. [4]

---

[3] *Bos I* agreed with the Sixth Circuit's determination "that an employer cannot commit defalcation under § 523(a)(4) simply by failing to make contractually-required contributions, even if the plan defines the fund as including future contributions." *See Bos I* at 1011.

[4] I would then remand to the district court to determine in the first instance whether the relevant plan documents so provided.

For the foregoing reasons, I respectfully dissent.