NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DENNIS G. CURTIS,<br><br>                    Debtor,<br>_____<br><br>BANK OF THE WEST,<br><br>                    Plaintiff-Appellee,<br><br>  v.<br><br>DENNIS G. CURTIS,<br><br>                    Defendant-Appellant. | No.   21-55850<br><br>D.C. No.<br>3:20-cv-02515-AJB-DEB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted April 15, 2022[**]
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and Y. GONZALEZ
ROGERS,[***] District Judge.

_____

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]   The Honorable Yvonne Gonzalez Rogers, United States District Judge
for the Northern District of California, sitting by designation.

Appellant Dennis G. Curtis ("Curtis") appeals the district court's order vacating the bankruptcy court's award of attorney's fees to Curtis under California Civil Code section 1717. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291. We find that the nondischargeability proceeding brought by appellee Bank of the West pursuant to 11 U.S.C. § 523(a)(2)(A)–(B) was not an action "on a contract" under California Civil Code section 1717. On that basis, we affirm the district court's order vacating the fee award.

The sole issue in this appeal is whether Curtis prevailed in an "action on a contract" within the meaning of section 1717. In relevant part, section 1717 provides that:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). There is no dispute that this provision has the effect of making reciprocal an otherwise unilateral contractual obligation to pay attorney's fees. *Santisas v. Goodin*, 951 P.2d 399, 406–07 (Cal. 1998).

As we have previously explained, "[t]hree conditions must be met before [section 1717] applies." *Penrod v. AmeriCredit Fin. Servs.* (*In re Penrod*), 802 F.3d 1084, 1087 (9th Cir. 2015). "First, the action generating the fees must have

been an action 'on a contract.'" *Bos v. Bd. of Trs.*, 818 F.3d 486, 489 (9th Cir. 2016) (quoting *In re Penrod*, 802 F.3d at 1087). "Second, the contract must provide that attorney's fees incurred to enforce it shall be awarded either to one of the parties or to the prevailing party." *Id.* at 489 (citation omitted). "And third, the party seeking fees must have prevailed in the underlying action." *Id.* (citation omitted). On appeal, the parties only dispute the application of the first condition.

We recently reaffirmed the consistency of our precedent applying section 1717 with the California Supreme Court's interpretation of what it means for an action to be "on a contract." *Bos*, 818 F.3d at 489. In doing so, we noted that "[t]he California Supreme Court has explained that 'section 1717 applies only to actions that contain at least one contract claim,' and that '[i]f an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims.'" *Id.* (quoting *Santisas*, 951 P.2d at 409). Again, "[c]onsistent with *Santisas*, we have previously held that a nondischargeability action is 'on a contract' within section 1717 if 'the bankruptcy court *needed* to determine the enforceability of the . . . agreement to determine dischargeability.'" *Id.* (emphasis supplied) (quoting *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 442 (9th Cir. 1997)); *see also Santisas*, 951 P.2d at 406 (recognizing that a party may recover attorney's fees on a contract where a party "defends the litigation 'by successfully arguing the inapplicability, invalidity, unenforceability,

3

or nonexistence of the same contract'" (citation omitted)). Said differently, "if the bankruptcy court *did not need to determine whether the contract was enforceable*, then the dischargeability claim is *not* an action on the contract within the meaning of [California Civil Code] § 1717." *Bos*, 818 F.3d at 490 (emphasis supplied) (quoting *Redwood Theaters, Inc. v. Davison (In re Davison)*, 289 B.R. 716, 723 (B.A.P. 9th Cir. 2003)). This "common sense" construction of the phrase "on a contract," adopted by *Bos*, is consistent with long standing precedent applying section 1717 in bankruptcy proceedings. *Bos*, 818 F.3d at 489–90.

Here, the nondischargeability proceeding arose under the Bankruptcy Code and did not concern a breach of contract claim. The bankruptcy court denied Curtis's first motion for summary judgment that asserted that the forbearance agreement was illusory and unenforceable as a matter of contract interpretation. The bankruptcy court later granted Curtis's second motion for summary judgment and did not rely upon California law. Instead, it relied upon Ninth Circuit case law concerning the damages element of a fraud claim. Indeed, the bankruptcy court expressly found that Bank of the West's failure to proffer evidence of damages "obviated" the need to rule on the enforceability of the forbearance agreement. Accordingly, interpretation of the agreement was not necessary for Curtis to prevail, and he did not prevail "on a contract" within the common-sense construction of the statute.

4

Relying on *In re Baroff* and *In re Penrod*, Curtis urges us to affirm the bankruptcy court's determination that the underlying action was decided "on a contract" because Curtis's key contract-based defense played an integral part of the case where Bank of the West primarily sought monetary damages for amounts on the initial debts. Such narrow reliance on *In re Baroff* and *In re Penrod* is misplaced.

Like the case here, *In re Baroff* concerned a fraud-based nondischargeability claim. In those proceedings, the debtor raised a defense that the parties' settlement agreement had released the debtor from all claims, which included the disputed debt. *In re Baroff*, 105 F.3d at 442. Applying California law, the bankruptcy court concluded that the agreement was an integrated document that precluded proof of the underlying oral debt at issue. *Id*. Therefore, summary judgment was granted on that basis in favor of the debtor. *Id*. Consistent with our recent precedent, we held that that the proceeding was on a contract because "the bankruptcy court *needed* to determine the enforceability of the settlement agreement to determine dischargeability." *Id*. (emphasis supplied). Here, the bankruptcy court denied summary judgment as to the unenforceability of the agreement and disposed of the case on other grounds based in tort, obviating the need to resolve any contract-based defenses.

Again, in *In re Penrod*, we confirmed that "an action is 'on a contract' when a party seeks to enforce, or avoid enforcement of, the provisions of the contract." 802 F.3d at 1088. Since "[n]othing in the text of § 1717 limits its application to actions in which the court is required to resolve disputed factual issues relating to the contract," we held that "[a] party who *obtains (or defeats) enforcement* of a contract on purely legal grounds, as by prevailing on a motion to dismiss with prejudice or by showing that a defendant's contract-based defenses are barred by federal statute or federal common law, still prevails in an action 'on a contract.'" *Id*. at 1089 (emphasis supplied) (citations omitted). Ultimately, we had no issue determining that the action was on a contract because "[t]he *sole issue* in the . . . litigation was whether [a particular] provision of the contract should be enforced according to its terms, or whether its enforceability was limited by bankruptcy law to exclude the negative-equity portion of the loan." *Id*. at 1088 (emphasis supplied). The debtor necessarily "*obtained a ruling that precluded* [the lender] *from fully enforcing the terms* of the contract." *Id*. (emphasis supplied). Here, the enforceability of the contract was not the sole issue in the litigation as demonstrated by the bankruptcy court's acknowledgment that its finding on reliance and damages obviated the need to resolve issues of enforceability. There was no ruling, concerning either a legal question or factual dispute, that prevented the enforcement of any term of the agreement. Thus, the proceedings were not an

"action on a contract," and Curtis was not entitled to attorney's fees pursuant to section 1717.

**AFFIRMED**.