
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: POINT.360,

Debtor,

_____

POINT.360, a California corporation,

Appellant,

v.

MEDLEY CAPITAL CORPORATION;
MEDLEY OPPORTUNITY FUND II, LP,

Appellees.

No.   20-55582

D.C. No.  2:19-cv-09935-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 3, 2021
Pasadena, California

Before:  KLEINFELD, TALLMAN, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The loan agreement between Point.360 and Medley provided for attorney's fees and costs to Medley, and this provision was in appropriate circumstances reciprocal:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a); *see also Santisas v. Goodin*, 951 P.2d 399, 406–07 (Cal. 1998). An action is "on a contract" for the purposes of Section 1717 if it "'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement . . . ." *Orozco v. WPV San Jose, LLC*, 248 Cal. Rptr. 3d 623, 650 (Ct. App. 2019) (quoting *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 149 Cal. Rptr. 3d 440, 449 (Ct. App. 2012)). To determine whether an action is "on a contract," a court must "look to the gravamen of the overall action" and the "main thrust of the litigation." *Id.* at 651 (quoting Pearl, Cal. Attorney Fee Awards § 4.50 (Cont. Ed. Bar, 3d ed. 2018)).

The fees and costs provision was deemed reciprocal in *In re Penrod* because enforceability of the contract in bankruptcy was the sole issue in the bankruptcy proceeding. 802 F.3d 1084, 1087–88 (9th Cir. 2015). But *Bos v. Board of Trustees* distinguishes *Penrod* and controls in this case, because in *Bos* and in this case a host of issues that "arose entirely under the federal Bankruptcy Code" rather than the contracts were implicated. 818 F.3d 486, 490 (9th Cir. 2016).

In bankruptcy court, Point.360 sought all the fees and costs it incurred in the confirmation proceedings, and argued that "there is no 'apportionment' that is required or that would be practicable." On appeal to the district court, though, Point.360 argued that if it could not obtain the roughly $500,000 in attorney's fees and costs for the entire confirmation proceeding, it should at least be awarded the roughly $16,000 in attorney's fees and costs for the declaratory relief adversary proceeding regarding the applicability of its contracts with Medley. The district court did not address this issue and we also do not address the issue, because the bankruptcy court, when it made the decision on fees and costs, was not presented with a claim for only the roughly $16,000 associated with the summary judgment proceeding. We therefore decline to address the argument for apportionment in this appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998–99 (9th Cir.

3

2012); *In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1199 (9th Cir.), *amended by* 326 F.3d 1028 (9th Cir. 2003). As an all or nothing claim for attorney's fees and costs for the entire confirmation proceeding, which is how it was presented, we cannot conclude that the "gravamen of the overall action" and the "main thrust of the [confirmation] litigation" was the dispute about Point.360's contracts with Medley. *Orozco*, 248 Cal. Rptr. 3d at 651.

**AFFIRMED.**