NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SMART CAPITAL INVESTMENTS I, LLC; SMART CAPITAL INVESTMENTS II, LLC; SMART CAPITAL INVESTMENTS III, LLC; SMART CAPITAL INVESTMENTS IV, LLC; SMART CAPITAL INVESTMENTS V, LLC, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> HAWKEYE ENTERTAINMENT, LLC; W.E.R.M. INVESTMENTS, LLC, <br><br> Defendants - Appellees. | No. 23-3127 <br><br> D.C. No. 2:20-cv-10656-FLA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted October 25, 2024
Pasadena, California

Before: IKUTA and BRESS, Circuit Judges, and BASTIAN, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Stanley Allen Bastian, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

Various Smart Capital entities (collectively, "Smart Capital") appeal the award of attorneys' fees to Hawkeye Entertainment, LLC in connection with the bankruptcy court granting Hawkeye's motion to assume a lease, 11 U.S.C. § 365, and Smart Capital's unsuccessful appeal of that decision. *See In re Hawkeye Ent., LLC*, 49 F.4th 1232 (9th Cir. 2022) ("*Hawkeye I*"). The district court affirmed the bankruptcy court's award of fees incurred at the bankruptcy court stage, and it also granted Hawkeye's motions for attorneys' fees spent litigating the district court and Ninth Circuit appeals on the lease assumption motion. We review an award of attorneys' fees for abuse of discretion but review legal issues de novo. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We affirm.

The Supreme Court has directed that "an otherwise enforceable contract allocating attorney's fees (*i.e.*, one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448–49 (2007). Smart Capital identifies nothing in 11 U.S.C. § 365 that would preclude a fee award. In addition, we will assume that *Hawkeye I*'s grant of Hawkeye's motion for appellate attorneys' fees, and its subsequent denial of Smart Capital's motion for reconsideration of that order, do not resolve the questions before us. Even if that is the case, Hawkeye was entitled to attorneys' fees under

2                                                                                      23-3127

California Civil Code § 1717 and § 22.11(q) of the parties' lease agreement.

*First*, the lease assumption motion was an "action on a contract" within the meaning of California Civil Code § 1717. The phrase "action on a contract" is "liberally construed." *In re Penrod*, 802 F.3d 1084, 1087 (9th Cir. 2015) (citing *In re Tobacco Cases I*, 124 Cal. Rptr. 3d 352, 359 (Cal. Ct. App. 2011)). It "includes not only a traditional action for damages for breach of a contract containing an attorney fees clause, but also any other action that involves a contract under which one of the parties would be entitled to recover attorney fees if it prevails in the action." *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 149 Cal. Rptr. 3d 440, 448 (Cal. Ct. App. 2012) (quoting *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.*, 70 Cal. Rptr. 3d 9, 14 (Cal. Ct. App. 2007)) (citation omitted).

In this case, the contested lease assumption motion was an action on a contract because it led to extensive litigation in the bankruptcy court over Smart Capital's allegations that Hawkeye breached the lease agreement. *See In re Penrod*, 802 F.3d at 1088 (explaining that "actions on a contract" under § 1717 include proceedings in which one party "obtain[s] a ruling that preclude[s] [the other] from fully enforcing the terms of the contract"). For the same reason, the proceedings over the lease assumption motion fell within the attorneys' fees provision in the parties' lease agreement, which confers fees on the prevailing party "in any action or proceeding against the other relating to the provisions of this Lease or any default hereunder."

Contrary to Smart Capital's argument on appeal, it is immaterial that the fee-shifting provision in the lease agreement did not explicitly award fees for the "enforcement" of the contract. No such specific language was required for a fee-shifting provision such as this.

*Second*, Hawkeye was the prevailing party in this case. Under California law, to determine if Hawkeye was the prevailing party, we "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives." *Hsu v. Abbara*, 891 P.2d 804, 813 (Cal. 1995). This determination turns on "substance rather than form." *Id.* As Hawkeye sought to maintain the lease and Smart Capital sought to void it, Hawkeye achieved its litigation objectives in the case. And even if Hawkeye is viewed as ultimately having prevailed under bankruptcy law, we have previously rejected the contention that "§ 1717 applies only if the party defeats enforcement under non-bankruptcy law." *In re Penrod*, 802 F.3d at 1088.

**AFFIRMED.**[1]

---

[1] We grant appellant's motion for judicial notice. Dkt. 19.