**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  VINCENT DWYNE HOWARD<br><br>Debtor.<br>_____<br><br>VINCENT DWYNE HOWARD,<br><br>Appellant.<br><br>v.<br><br>RAY HODGE & ASSOCIATES, LLC,<br><br>Appellee.<br>_____<br><br>RAY HODGE & ASSOCIATES, LLC,<br><br>Appellant.<br><br>v.<br><br>VINCENT DWYNE HOWARD,<br><br>Appellee. | Nos. 24-2292 & 24-3833<br><br>BAP No.<br>23-1072<br><br>MEMORANDUM* |

Appeals from the Ninth Circuit

_____

 *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Bankruptcy Appellate Panel
Scott H. Gan, Frederick Philip Corbit, and Gary A. Spraker, Bankruptcy Judges,
Presiding

Submitted March 7, 2025[**]
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO, District
Judge.[***]

No. 24-2292

Defendant Debtor Vincent Howard appeals the judgment of the Bankruptcy
Appellate Panel (BAP) affirming the nondischargeability judgment of the
bankruptcy court in favor of Plaintiff Ray Hodge & Associates, L.L.C. (RHA).
We have jurisdiction under 28 U.S.C. § 158(d)(1). "We independently review the
bankruptcy court's ruling on appeal from the BAP." *In re Diamond*, 285 F.3d 822,
826 (9th Cir. 2002). We affirm.

1.      The bankruptcy court properly concluded that RHA was a party to,
and therefore had standing to enforce, the May 10, 2018 loan agreement
(Agreement).  Ryan Hodge, as RHA's principal, executed the Agreement on behalf
of RHA, and Howard implicitly admitted that RHA was a party to the Agreement
in the parties' joint pre-trial stipulation and his answer to the complaint.  The

---

[**]      The panel unanimously concludes these cases are suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

bankruptcy court therefore did not err by concluding that RHA was a party to the Agreement. Howard's reliance on former Rule 1-320(A) of the California Rules of Professional Conduct does not alter this conclusion. There is no evidence that the parties were either aware of this rule or drafted the Agreement with this rule in mind. Even if they did so, Howard has not shown that the rule—which prohibited attorneys from sharing fees with laypersons—prohibited fee-sharing with law firms. *See McIntosh v. Mills*, 17 Cal. Rptr. 3d 66, 74 (Ct. App. 2004).

2. The bankruptcy court also properly concluded that RHA, rather than Helping Hands Capital, LLC, funded the $150,000 loan. Hodge testified that RHA was the source of the loan, his testimony was unrefuted, and the bankruptcy court found this testimony credible. Howard cites no authority for the proposition that RHA was required to corroborate Hodge's testimony with documentary evidence. Howard, moreover, admitted that RHA funded the loan in his answer to RHA's complaint. This admission is binding. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.").

3. To prevail on its claim of nondischargeability under 11 U.S.C. § 523(a)(2)(A), RHA was required to establish five elements by a preponderance of the evidence:

(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). "The finding of whether a requisite element of section 523(a)(2)(A) is present is a factual determination we review for clear error." *In re Ettell*, 188 F.3d 1141, 1145 (9th Cir. 1999).

We reject Howard's contention that the bankruptcy court clearly erred by finding that Howard made misrepresentations. Materiality is judged under an objective standard, *see Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 467 (2013) ("[T]he question of materiality . . . is an objective one, involving the significance of an omitted or misrepresented fact to a reasonable investor." (second alteration in original) (quoting *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976))), and Howard offers no evidence to suggest that the parties intended a different meaning here.

Howard's contention that his omissions were objectively immaterial fares no better. Howard's omissions—including the fact that he was a defendant in a $75 million enforcement action brought by the Consumer Financial Protection Bureau (CFPB)—were plainly material. And Hodge credibly testified that RHA would not

have made the loan if not for Howard's misrepresentations.[1]

We also reject Howard's argument that the bankruptcy court clearly erred by finding that he knew his misrepresentations were false and intended to deceive RHA. The bankruptcy court's findings are amply supported by the record. And the bankruptcy court properly inferred Howard's intent to deceive from the surrounding circumstances. *See In re Kennedy*, 108 F.3d 1015, 1018 (9th Cir. 1997).

Finally, we reject Howard's argument that the bankruptcy court clearly erred by finding that RHA justifiably relied on his misrepresentations. Contrary to Howard's contention, the justifiable reliance requirement "does not impose a duty of active investigation on a plaintiff." *Restatement (Third) of Torts: Liab. for Econ. Harm* § 11 cmt. d (Am. L. Inst. 2020). "[I]t is only where, under the circumstances, the facts should be apparent to one of [the victim's] knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own." *Field v. Mans*, 516 U.S. 59, 71 (1995) (quoting W. Prosser, *Law of Torts* § 108, p. 718 (4th ed. 1971)). Here, RHA had no reason to

---

[1] Howard's argument that he did not misrepresent the litigation value of the cases from which the loan was to be repaid is irrelevant to the issues presented in this appeal. Those representations did not form the basis of the bankruptcy court's nondischargeability decision.

suspect that Howard, an experienced attorney in good standing, had violated the Agreement's disclosure requirements.  Furthermore, even assuming RHA was negligent (and there is no evidence that it was), "negligence in failing to discover a misrepresentation is not a defense to fraud."  *In re Apte*, 96 F.3d 1319, 1323 (9th Cir. 1996).

No. 24-3833

RHA appeals the BAP's order denying its motion for attorney's fees under California Civil Code section 1717.  We have jurisdiction under 28 U.S.C. § 158(d)(1).  We review the BAP's order for an abuse of discretion.  *In re Marino*, 949 F.3d 483, 488 (9th Cir. 2020).  We reverse and remand.

"[A] nondischargeability action is 'on a contract' within section 1717 if 'the bankruptcy court needed to determine the enforceability of the . . . agreement to determine dischargeability.'"  *Bos v. Bd. of Trs.*, 818 F.3d 486, 489 (9th Cir. 2016) (second alteration in original) (quoting *In re Baroff*, 105 F.3d 439, 442 (9th Cir. 1997)).  The nondischargeability action here was such an action.

To begin, the nondischargeability action was an action "on a contract" because the bankruptcy court and the BAP were required to determine the enforceability of the Agreement's disclosure requirements to resolve the issue of nondischargeability.  A central issue in this case was whether Howard made material misrepresentations by failing to disclose information—such as the CFPB

litigation—as required by the Agreement. Omissions do not constitute actionable misrepresentations absent a duty to disclose, *In re Eashai*, 87 F.3d 1082, 1089 (9th Cir. 1996), and it was the Agreement that supplied the requisite disclosure duty. The parties vigorously disputed whether Howard had violated these disclosure requirements, and both the bankruptcy court and the BAP were forced to resolved the issue. Accordingly, the nondischargeability action was an action "on a contract" under section 1717. *See In re Penrod*, 802 F.3d 1084, 1088 (9th Cir. 2015) ("Under California law, an action is 'on a contract' when a party seeks to enforce, or avoid enforcement of, the provisions of the contract.").

In addition, the nondischargeability action was an action "on a contract" because the bankruptcy court and the BAP were required to determine whether RHA was a party to the Agreement with standing to enforce it. The parties fiercely disputed this issue, and both the bankruptcy court and the BAP were required to resolve it.

The BAP concluded otherwise, reasoning that, "[a]lthough [Howard] disputed [RHA]'s standing to file the complaint, he admitted in his Answer and [the joint pre-trial stipulation] that [RHA] was a party to the contract. Thus, [Howard's] standing argument did not require the bankruptcy court to interpret or enforce the contract." We disagree.

First, even if the bankruptcy court was not "required" to interpret the

Agreement, the bankruptcy court in fact did so. The bankruptcy court concluded as a matter of contract interpretation that RHA was a party to the contract because Hodge signed the Agreement of behalf of RHA. Second, this is not a case in which the contract issues were conceded in the nondischargeability action. When contract issues are genuinely conceded, the nondischargeability action is not an action "on a contract." In *Bos*, for example, the debtor—Bos—"conceded that the [contracts] were fully enforceable, conceded that he had breached them, and conceded that his debt . . . was valid." 818 F.3d at 488. Accordingly, "[t]he nondischargeability proceeding arose entirely under the federal Bankruptcy Code, and in no way required the bankruptcy court to determine whether or to what extent the [contracts] were enforceable against Bos, or whether Bos had violated their terms." *Id.* at 490. Here, by contrast, Howard did not concede that RHA was a party to the Agreement (or that he had breached the Agreement's disclosure requirements). Instead, Howard required RHA to litigate this issue, and he required both the bankruptcy court and the BAP to adjudicate it. The fact that the BAP elected to rely on Howard's purported admissions, rather than interpreting the Agreement, does not alter the fact that the nondischargeability proceeding was an action "on a contract."

We therefore reverse the order of the BAP and remand with instructions to grant the motion for attorneys' fees. We express no opinion as to the amount of

fees that should be awarded.  *See Renfrow v. Draper*, 232 F.3d 688, 693–94 (9th Cir. 2000) (holding that attorney's fees are available to the extent they were incurred litigating issues under state law).

## Conclusion

The judgment in No. 24-2292 is **AFFIRMED**.  The order in No. 24-3833 is **REVERSED** and the case is **REMANDED** to the BAP with instructions to grant RHA's motion for attorney's fees.